UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-61815-CIV-CANNON/HUNT

BAER'S FURNITURE CO., INC.,

    Plaintiff,
v.
COMCAST CABLE COMMUNICATIONS
MANAGEMENT LLC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant Comcast Cable Communications Management LLC's Motion to Tax Costs ("Motion"), ECF No. 96. The Honorable Aileen M. Cannon referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 96; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Bill of Costs, the Response and Reply thereto, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 96, be GRANTED as set forth below.

## BACKGROUND

Baer's Furniture Co. ("Plaintiff") brought this action against Comcast Cable Communications Management LLC ("Defendant") for breach of contract and fraud. *See* ECF No. 38. The Parties filed Cross-Motions for Summary Judgment. ECF Nos. 61, 65. The District Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant against Plaintiff. ECF Nos. 94, 95.

Defendant now moves this Court for an award of taxable costs pursuant to 28 U.S.C. §1920 for costs incurred in litigating this dispute. ECF Nos. 96. Plaintiff filed a

response in opposition and Defendant filed a reply in support of its Motion. ECF Nos. 104, 108.

## DISCUSSION

Defendant seeks to recover $30,364.07 in litigation costs, which result from fees for printed or electronically recorded transcripts necessarily obtained for use in the case and fees of the clerk. ECF No. 96.

I.  Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant. Further, Plaintiff does not object to Defendant's entitlement to an award of costs. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

II.  Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs.,*

*LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009).  Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    1.    Fees of the Clerk

Defendant seeks to recover fees of the clerk in the amount of $416.  Defendant contends it incurred $400 as the filing fee for removal and $16 as a clerk fee from Broward County for certified copies required for the removal.  Plaintiff's response does not object to Defendant's request for this award.  Filing fees and clerk fees are routine expenses incurred in litigation, which the undersigned finds are compensable.  *See* 28 U.S.C. § 1920(1); *Louis-Charles v. Public Health T. of Miami-Dade Cnty.*, No. 15-22372-CIV-KING/TORRES, 2015 WL 7351577 (S.D. Fla. Nov. 10, 2015) (granting award of removal fee to defendant).  Therefore, Defendant is entitled to recover taxable costs associated with fees of the clerk in the amount of $416.

    2.    Fees for Printed or Electronically Recorded Transcripts

Defendant seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $29,948.07.  Defendant contends that depositions were necessary and that nearly all of the depositions were cited in the summary judgment proceedings.

Plaintiff argues that Defendant seeks to tax costs that are not recoverable under §1920.  Specifically, Plaintiff argues that Defendant did not provide any meaningful

3

explanation as to why it seeks to recover for costs of exhibits and the exhibit sharing application used at the depositions. Plaintiff contends that the bill of costs should be reduced by $4,842.22 due to the unrecoverable costs. Next, Plaintiff contends that Defendant did not show why it was necessary to have both video depositions and transcribed depositions for use in the case. Plaintiff further contends that Defendant seeks to recover costs that are purely for the benefit of counsel such as delivery expenses. Due to these alleged unrecoverable costs, Plaintiff proposes that Defendant's award be reduced an additional $6,913. Lastly, Plaintiff argues that Defendant should not be entitled to recover expenses associated with expedited transcripts because the expedited transcripts were not necessary. Plaintiff proposes that Defendant's award be reduced another $3,399.67 for these allegedly unrecoverable expenses. In total, Plaintiff proposes that Defendant's award be reduced by $15,154.89.

Defendant responds that the expedited charges for the deposition transcripts were necessary due to the fact that the Parties took seventeen depositions between January 14, 2022, and March 23, 2022, with summary judgment motions due on March 17, 2022. Defendant contends that it had no choice other than to order expedited transcripts, which were necessary because Defendant claims it cited almost every deposition in its summary judgment motion. In regard to the video depositions, Defendant contends that only three witnesses were video-recorded: Plaintiff's CEO and corporate representative, a former employee of Defendant, and Plaintiff's damages expert. Defendant further contends that it had no control over these witnesses and that the video recordings were intended to be used at trial. Defendant also argues that Plaintiff failed to raise any objection to the recording when it received notices of the depositions. Lastly, in regard to the use of

Exhibit Share during depositions, Defendant contends that the use of the program was necessary since the depositions were conducted via Zoom due to the pandemic and the geographical locations of some of the witnesses.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621).

"Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). Depositions costs that are merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, are not recoverable. *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV-COHN, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014). For example, additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel. *Davis v. United States*, No. 08-81447-CIV-HURLEY/HOPKINS, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010); *Ashkenazi*, 2014 WL 3673308, at *2–3 (declining to tax costs associated with delivery and exhibits); *but see Feise v. N. Broward Hospital District*, No. 14-61566-CIV-BLOOM/VALLE, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (noting a split in this Circuit regarding the taxability of transcript postage, handling,

and shipping, but ultimately finding that such costs are part of the "fees" of the transcript).

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) (citing *Morrison v. Reichold Chem., Inc.,* 97 F. 3d 460, 464-65 (11th Cir. 1996)).  "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, 20-21927-CIV-ALTMAN/GOODMAN, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022) (citation omitted).

Here, the undersigned finds that Defendant has met its burden of showing that the deposition costs were necessarily obtained for use in the case and that both methods were necessary.  Only three witnesses were video-recorded, and all three of those witnesses appeared to be key witnesses for Plaintiff.  Further, Defendant contends that it cited to almost every transcript in its motion for summary judgment.  Plaintiff did not dispute this claim in its response.  Additionally, Plaintiff did not object to both methods being used when the depositions were noticed.  Thus, the undersigned finds Defendant is entitled to tax costs associated with the depositions that were both transcribed and video-recorded pursuant to §1920(2).

Regarding the expedited transcripts, such expenses are typically solely for the convenience of counsel.  However, in this action, the Parties took seventeen depositions within two months against an impeding deadline for summary judgment at the end of

6

those two months. As mentioned above, there is a split within this Circuit regarding other expenses typically associated with depositions. The undersigned agrees with the Court in *Feise* that postage, handling, and shipping are included as a part of the "fees" associated with the transcript and are taxable. Further, the undersigned finds that, under these specific facts, the expedited transcripts were necessary and the associated fees are reasonable and recoverable.

Lastly, in regard to the use of Exhibit Share and Real-Time, the undersigned finds that the costs associated with these expenses are recoverable. Due to the COVID-19 pandemic, in-person depositions posed a risk to an individual's health, thus such programs have been routinely used to allow Parties to effectively conduct depositions remotely. *Versfelt v. Sanza Food Serv.*, LLC, No. 20-61423-CIV-ALTMAN/HUNT, 2022 WL 2441314, at *3 (S.D. Fla. June 17, 2022), *report and recommendation adopted*, 2022 WL 2439092 (S.D. Fla. July 5, 2022). Accordingly, as such measures are needed to conduct a remote deposition, the undersigned finds that these expenses are recoverable. The undersigned finds that Defendant is entitled to recover its expenses associated with depositions taken in this action. Therefore, the undersigned recommends that Defendant be entitled to recover $29,948.07 in taxable costs pursuant to §1920(2).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 96, be GRANTED. Defendant should recover taxable costs of $30,364.07, plus interest pursuant to 28 U.S.C. §1961, which shall accrue at the statutory rate from June 23, 2022, the date of final judgment. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1260 ("Recognizing that § 1961 applies to an award

of costs, the Eleventh Circuit has held that interest shall accrue on taxable costs from the date the court entered final judgment.") (internal quotations and alterations omitted).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 17th day of January 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All Counsel of Record